1  MARILYN B. GUNNER, ESQ. SB# 149540
   P.O. Box 605
2  La Mesa, Ca.  91944-0605
   Telephone:  (619) 461-8716
3  Fax:        (619) 461-6795

4  Attorney for Material Witnesses

FILED
06 OCT 12 AM 9:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 06cr2059DMS RBB |
| Plaintiff, ) | PROPOSED |
| ) | ORDER FOR VIDEOTAPE DEPOSITION |
| v. ) | AND RELEASE OF MATERIAL |
| DANIEL LEO HARLEY, ) | WITNESSES — SUBSEQUENT (RBB) |
| ) | Judge:        Brooks |
| Defendant. ) | Hearing Date: October 10, 2006 |
| ) | Time:         9:00 a.m. |

**ORDER**

1. The MATERIAL WITNESSES in the case of UNITED STATES v. DANIEL LEO HARLEY shall be deposed on November 14, 2006 at 10:00 a.m./p.m.  The deposition will be held at the U.S. Attorney's Office.  An employee of the U.S. Attorney's Office shall serve as videotape operator.  The witnesses to be deposed pursuant to this Order are JOSE LUIS OROPEZA-RUVALCABA, JOSE DANIEL CALDERON-FIGUEROA, FORTINO AYALA-SUAREZ and SAIDA AYALA-PALACIOS, (the "MATERIAL WITNESSES").

2. All parties shall attend the deposition.  If the defendant is in custody, he shall be brought separately to the deposition and a marshal shall remain present during the entire proceeding.

3. The United States Attorney's Office shall provide a videotape operator and arrange for a court-certified interpreter to be present for the MATERIAL WITNESSES.

 4.   The cost of the interpreter for the MATERIAL WITNESSES will be borne by the United States.  See 28 U.S.C. § 1827(c)(2).

 5.   If the defendant needs an interpreter independent of the material witness interpreter, defense counsel will arrange for a court-certified interpreter to be present.  The cost of a separate interpreter for the defendant shall be paid by the court.

 6.   The U.S. Attorney's Office shall arrange for a certified court reporter to be present.  The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. Proc.  The cost of the court reporter shall be borne by the U.S. Attorney's Office.

 7.   The deposition shall be videotape recorded.  Prior to the conclusion of the deposition, the deponent, or a party, may elect to have the deponent review the videotaped record of his/her deposition to note any changes.  Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

 8.   The videotape operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background.  He/she shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel.

 9.   The deposition shall be recorded in a fair, impartial, objective manner.  The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus

1 upon charts, photographs, exhibits or like material being shown to
2 the witness during the deposition.

3    10. Before examination of the witness, the notary shall state
4 on the video record: (a) his/her name and address; (b) the date,
5 time and place of the deposition; (c) the name of the witness and the
6 caption of the action; and (d) the identity of the parties and the
7 names of all persons present in the deposition room. The notary
8 shall then swear the witness on the video record. Further, at the
9 beginning of the examination by each counsel, the counsel shall
10 identify himself/herself and his/her respective client on the record.
11 If more than one videotape is used, the notary shall repeat items
12 (a), (b) and (c) at the beginning of each new tape.

13    11. The videotape operator shall not stop the video recorder
14 after the deposition commences until it concludes, except, however,
15 that any party may request a cessation for a brief recess, which
16 request will be honored unless another party objects and states the
17 basis for said objection on the record. Each time the tape is
18 stopped or started, the operator shall announce the time on the
19 record. If the deposition requires the use of more than one tape,
20 the end of each tape and the beginning of the next shall be announced
21 orally on the video record by the operator.

22    12. Testimonial evidence objected to shall be recorded as if the
23 objection had been overruled and the court shall rule on the
24 objections prior to admitting that portion of the deposition. The
25 party raising the objection(s) shall be responsible for having a
26 transcript prepared for the court to consider. All objections to the
27 evidence presented shall be deemed waived unless made during the
28 deposition.

1    13.   If requested by a party, the deposition testimony, if
2 offered other than for impeachment, may be presented in
3 nonstenographic video format, in which case no transcript need be
4 prepared in advance of trial, unless otherwise ordered by the Court.
5 See Fed.R.Civ.P. 32(c).
6    14.   Copies of all exhibits utilized during the videotaped
7 deposition shall be marked for identification during the deposition
8 and filed along with the videotape.
9    15.   At the conclusion of the deposition, the Government and
10 defense attorney will advise the material witness attorney if they
11 intend to object to the release of the MATERIAL WITNESSES. If the
12 parties do not object to the witnesses' release, the Government and
13 defense attorney will immediately approve an order for the witnesses'
14 release from custody.  At the conclusion of the deposition, the
15 Government will provide the witness with a subpoena for the trial
16 date, a travel fund advance letter, and written authorization to
17 enter the United States to testify at trial.
18    16.   If any party objects to the release of the MATERIAL
19 WITNESSES, the objecting party must request a hearing on the issue
20 before the District Court, said request to occur within four business
21 hours after the deposition has concluded.  Failure of the objecting
22 party to request this hearing shall be deemed a waiver of the
23 objection to the release of the MATERIAL WITNESSES, and a Release
24 Order shall be submitted for approval at the end of the four hour
25 period.  If a hearing is requested, *and scheduled by the Court,* at the hearing, the objecting
26 party must be prepared to show why release of the material witness
27 is not appropriate under 18 U.S.C. § 3144.  If, after the hearing,
28 the Court decides to release the material witness, the material

witness attorney shall file the witness release order immediately. Again, the Government must serve the material witness with a trial subpoena, a travel fund advance letter and written authorization to legally enter the United States to testify at trial, before the material witness is released from custody.

17.  Upon request by either party, the videotape operator shall provide a copy of the videotaped deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the recorded deposition.

18.  The notary shall file the original videotape, along with any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witnesses and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the videotape is an accurate and complete record of the recorded deposition and a certification that the witnesses were duly sworn by the officer.

19.  To the extent that the procedures set forth herein for videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be good cause shown as allowed by F.R. Civ. P. 29.

///

///

///

///

///

20.  Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

IT IS SO ORDERED:

10/10/2006
DATE

HON. RUBEN B. BROOKS,
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA | Case No. 06cr2059 DMS |
| vs. | DECLARATION OF SERVICE |
| DANIEL LEO HARLEY | Person Served: AUSA, Elizabeth Barros |
| | Date Served: 09/26/06 |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
Notice of Motion, Points & Authorities, Proposed Order for Videotape Deposition
in the following manner: (check one)

1)      By personally delivering copies to the person served.

2)   x   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

By faxing copies on 9/26/06

3)      By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)      By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at
           on           , 20

Executed on    September 26    , 20 06      at SanDiego

*[signature]*

::ODMA\PCDOCS\WORDPERFECT\14560\2 May 5, 1999 (10:01am)